**Date Signed:**
**November 3, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII AIR AMBULANCE, INC.,<br><br>Debtor. | Case No. 16-00770<br><br>Chapter 7 |

### ORDER TO SHOW CAUSE
### WHY CHAPTER 7 CASE SHOULD NOT BE DISMISSED

On July 20, 2016, Hawaii Air Ambulance, Inc., a Hawaii corporation, filed its chapter 7 petition. Based on the record, it appears that cause might exist to dismiss this case.

The court can dismiss a chapter 7 case "only for cause."[1] "Cause" includes, but is not limited to,[2] such conduct as (1) unreasonable delay in prosecuting the case, (2) failure to pay statutory fees and charges, or (3) failure to file financial

---

[1] 11 U.S.C. § 707(a).

[2] 11 U.S.C. § 102(3).

disclosures.[3] When the alleged conduct is not one of the three statutory examples, the Ninth Circuit conducts a two-part test for determining whether "cause" exists.[4] First, if the asserted "cause" is contemplated by a specific Code provision, then it does not constitute "cause" under section 707(a).[5] Thus, a credit card bust-out cannot constitute "cause" under section 707(a) because section 707(b) deals with that kind of misconduct.[6] However, if the asserted "cause" is not contemplated by a specific Code provision, then the court must consider whether the totality of the circumstances asserted otherwise meet the criteria for "cause."[7]

"Bad faith as a general proposition does not provide 'cause' to dismiss a Chapter 7 petition under § 707(a)."[8] But abuse of the Code can be a sufficient "cause" to dismiss a case under section 707(a).[9]

This chapter 7 case was filed by a corporation that ceased conducting

---

[3] 11 U.S.C. § 707(a)(1)-(3); *see Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000).

[4] *See Sherman v. Securities & Exchange Comm'n (In re Sherman),* 491 F.3d 948, 970 (9th Cir. 2007).

[5] *In re Sherman*, 491 F.3d 948, 970 (9th Cir. 2007)(citing *In re Padilla*, 222 F.3d 1184, 1193-94 (9th Cir. 2000).

[6] *Id.*

[7] *Id.*

[8] *In re Padilla*, 222 F.3d 1184, 1194 (9th Cir. 1999).

[9] *See In re Jack*, 471 B.R. 252, 254 (Bankr. D. Nev. 2012).

2

business in May 2010. The debtor has few if any assets and is not entitled to a discharge. Any legitimate bankruptcy-related purpose for filing this case is not apparent. The Debtor is seemingly unwilling to produce anyone who worked for the company while it remained in operation to answer the chapter 7 trustee's and the State of Hawaii's inquiries and there is a relative lack of information about the Debtor available.[10]

Therefore, the parties are ORDERED to show cause, if they have any, why this chapter 7 case should not be dismissed. Any party who objects to the dismissal of this chapter 7 case must file a response by November 14, 2016. Anyone who wishes to respond to any such objection may do so by November 21, 2016. The court will then decide the matter without further notice or hearing.

**END OF ORDER**

---

[10] *See Pal Family Trust v. Ticor Title Ins.*, 490 B.R. 480, 485-86 (S.D.N.Y. 2013) (debtor's failure to perform duties imposed by Bankruptcy Code and lack of a valid purpose to be served by continuing the case are "cause" justifying dismissal of a chapter 7 case). *Compare In re Crest by the Sea, LLC*, 522 B.R. 540 (Bankr. D.N.J. 2014).

U.S. Bankruptcy Court - Hawaii   #16-00770   Dkt # 31   Filed   11/03/16   Page 3 of 3