Date Signed:
January 4, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII AIR AMBULANCE, INC.,<br><br>Debtor. | Case No. 16-00770<br>Chapter 7<br><br>Re: Docket No. 31 |

## ORDER DISMISSING CASE

Debtor, an air medical transport service in Hawaii, filed for chapter 7 relief on June 20, 2016. The debtor had ceased all business operations and terminated its employees six years prior to the bankruptcy filing. The schedules list assets of only $2,618.52 and liabilities of $1,116,914.14. Mr. James Stone ("Stone"), a former employee of debtor, filed a wrongful termination lawsuit in state court and obtained a judgment, against the debtor, in the amount of $760,680.00. Mr. Stone is debtor's largest creditor.

Because (1) the debtor ceased operations years prior to the bankruptcy filing, (2) the debtor, as a corporation, cannot receive a bankruptcy discharge, and (3) there

were almost no assets to liquidate and distribute to creditors, the parties were ordered to show cause why the case should not be dismissed.  In response to the order to show cause issued on November 3, 2016 (dkt. 31), the debtor indicated that settlement negotiations were ongoing with the chapter 7 trustee, Elizabeth Kane, and requested that any case dismissal be postponed until after the end of 2016, to allow the parties time to finalize settlement discussions and to file an appropriate motion to approve the settlement.  Other parties also responded.

Based upon the totality of the circumstances, it appears that "cause" exists to dismiss this case under 11 U.S.C. § 707(a). There are essentially no assets to administer for the benefit of creditors and, because the debtor is a corporation, it cannot receive the benefit of a discharge. The bankruptcy was filed solely for the purpose of invoking the automatic stay to prevent the State of Hawaii, Office of Consumer Protection from continuing its investigation of alleged unfair or deceptive business practices and to forestall Stone's judgment debtor collection activities. The debtor suggests that a settlement might produce some benefit for someone, but no motion to approve a settlement has been filed.

Therefore, IT IS HEREBY ORDERED that this chapter 7 case is dismissed.

END OF ORDER